### STATE v. JAMES FRED ROGERS.

(Filed 11 December, 1946.)

**1. Rape § 25—**

Evidence tending to show that defendant assaulted prosecutrix, leaving his finger marks on her throat and tearing her dress, that prosecutrix escaped from him, ran to a near-by house and stated that a man had tried to rape her, *is held* sufficient to be submitted to the jury on a charge of assault with intent to commit rape.

**2. Criminal Law § 52a—**

Upon motion to nonsuit, the evidence is to be taken most strongly against defendant and if there is more than a scintilla of evidence of guilt, defendant's motion to nonsuit is properly denied.

APPEAL by defendant from *Hamilton, Special Judge,* at Extra July Criminal Term, 1946, of MECKLENBURG.

The defendant was tried upon a bill of indictment charging that James Fred Rogers did, unlawfully, willfully and feloniously, commit an assault upon Geneva Malcolm, a female, with the intent to rape, ravish, and carnally know Geneva Malcolm forcibly and against her will. When the State had introduced its evidence and rested its case, the defendant lodged a motion for judgment as in case of nonsuit and dismissal of the action, which motion was overruled, to which ruling of the court the defendant preserved exception, whereupon the defendant indicated that he would introduce no evidence and renewed his motion for judgment as in case of nonsuit and dismissal of the action, which motion was again overruled and defendant preserved exception. The trial of the action then proceeded upon evidence introduced by the State, and the jury returned a verdict of "guilty as set forth in the bill of indictment." The court entered judgment that defendant be confined in the State's Prison for a period of ten (10) years, which judgment was subsequently stricken out and a judgment that the defendant be confined

in the State's Prison for a period of seven (7) years entered in lieu thereof. From this judgment the defendant appealed to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*J. M. Scarborough for defendant, appellant.*

SCHENCK, J. Only two assignments of error appear in the record, namely: (1) Refusal of the court to grant motion of defendant for judgment as in case of nonsuit at the close of the State's evidence, and (2) Refusal of the court to grant motion of defendant for judgment as in case of nonsuit at the close of all the evidence. Both of the assignments of error are set out in appellant's brief, and since the same and only question is posed by both exceptions, namely: Was there sufficient evidence to carry the case to the jury, such assignments of error are discussed together. We are of the opinion, and so hold, that the answer to the question posed is in the affirmative.

It should be remembered that the question for our decision is: Was there sufficient evidence to carry the case to the jury and to sustain the indictment.

The testimony of the prosecuting witness, Geneva Malcolm, was in substance that the defendant James Fred Rogers and his companion Ralph West picked her up at the Bandana, a place about four miles from Charlotte on the Concord Road, about 11 o'clock a.m., and that Rogers said he would be glad to take her to town. She didn't know him then. After she got in the car, they stopped at several places to get drinks. She only took a sip or two. On the way back from Belmont to Charlotte Rogers got in the back seat and choked her, and that Ralph West jumped on the defendant Rogers with a flash light and she ran up to the home of Mr. and Mrs. Moraski, about one-half mile away, and told them what had happened and they took her to her father. He (Rogers) didn't do anything to her but he tried to. She had bruises all over her leg and was burnt with a cigarette, and had finger marks on her neck. Her dress was torn.

Mrs. John Moraski testified that the prosecuting witness came to her house and told her a man had tried to rape her and her dress was very wrinkled and she had marks on her neck and that she (Mrs. Moraski) took witness to her home on Beatty's Ford Road. There was other corroborative evidence.

The defendant in his brief contends that the evidence tends to show that he at no time committed an assault with the intent to commit rape, as charged in the bill, and that if the evidence tends to show any intent on defendant's part it was an intent to have the witness commit a crime

against nature, and there being a variance between the charge in the bill and the evidence, the action should have been dismissed upon motion of the defendant. We do not concur in this contention.

In case of demurrer to the evidence and motion to dismiss the action the evidence must be taken most strongly against the defendant, and if there is more than a scintilla of evidence tending to prove the plaintiff's contention it must be submitted to the jury. *Gates v. Max,* 125 N. C., 139, 34 S. E., 266.

Affirmed.